UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80278-CIV-MIDDLEBROOKS/JOHNSON

EDWARD FREDERICK,
    Petitioner,

v.

WALTER A. MCNEIL.,
Secretary, Florida Department of Corrections
    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court pursuant to the Mandate of the Eleventh Circuit, (D.E. 38), issued December 26, 2008, with respect to Petitioner Edward Frederick's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus based on newly discovered evidence, (D.E. 1), filed on March 28, 2006. The Eleventh Circuit instructed this Court to consider whether Frederick exercised due diligence in discovering the factual predicate for his claim. *Frederick v. McNeil*, 300 Fed. Appx. 731, 734 (11th Cir. 2008). The newly discovered evidence upon which Petitioner's claim rests is an August 28, 2003 Affidavit of Petitioner's son and victim's brother, Edward Frederick III ("Eddie"), in which Eddie testified that he perjured himself at Petitioner's trial upon prompting by the prosecutor, who told Eddie to support whatever his sister said. This matter was referred to the Honorable United States Magistrate Judge Linnea R. Johnson; a Revised Report and Recommendation ("Report"), (D.E. 71), was filed recommending that Frederick's petition be dismissed as untimely.

1

Petitioner timely filed Objections to the Report on May 16, 2006, (D.E. 72), arguing that the factual predicate for his newly discovered evidence claim was not as easily ascertainable as Judge Johnson concludes it was. Frederick submits that the "due diligence" standard under section 2244(d)(1)(D), as interpreted by the Eleventh Circuit in *Aron v. United States*, 291 F.3d 708 (11th Cir. 2002), only requires those actions where there is a "reasonable probability of success" of discovering the factual predicate underlying the claim. (D.E. 72 at 6-7). Based on this interpretation, Petitioner argues that due diligence demands he "ask if [Eddie] lied only if there is a reasonable chance that he would admit to it," (D.E. 72 at 6), and only "ask what [Eddie's] motivation was [if Eddie] would then reveal what the prosecutor told him." (D.E. 72 at 7). According to Frederick, it is unlikely that someone suspected of lying in a deposition or during trial testimony would admit to lying when asked, (D.E. 72 at 6), and furthermore it is unlikely that Eddie would divulge that the prosecutor pressured him into lying, (D.E. 72 at 8). Therefore, because there was no reasonable probability of success, due diligence did not require Frederick to pursue this line of questioning. (D.E. 72 at 6).

In *Melson v. State*, the Eleventh Circuit made clear that the burden is on the petitioner to establish due diligence for purposes of section 2244(d)(1)(D). 58 F.3d 993, 999 (11th Cir. 2008). The court explained that the petitioner "must show some good reason why he or she was unable to discover the facts at an earlier date." *Id.* Petitioner's argument, however, does not offer a "good reason" but instead only conjecture as to why he was unable to discover the factual predicate for his claim at an earlier date. As the Report notes, Petitioner's argument that he was excused from deposing and cross-examining Eddie as to the substance and motivation behind his untruthful testimony – because there was no "reasonable probability of success" – is based on pure speculation.

(D.E. 71 at 22). Simply put, due diligence requires more. Judge Johnson explains, and I agree, that "by linking Petitioner's obligation to take even the most minimal and basic of actions to uncover the facts underlying his newly discovered evidence claim, to the action's likely success, Petitioner has . . . effectively [read] 'reasonable' out of the 'due diligence' equation." (D.E. 71 at 22).

The Eleventh Circuit concluded in *Aron* that, while due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option," 291 F.3d 708, 712 (11th Cir. 2002), it does require him to make "reasonable efforts." *Id.* Petitioner, far from making reasonable efforts to uncover the factual predicate for his claim, never even tried. Even though he knew as of the time of trial in October 1999 that Eddie was testifying on behalf of the State and corroborating his sister's position, Frederick neglected to depose Eddie. (D.E. 71 at 18). During trial, even though Petitioner was present throughout the entire proceeding, (D.E. 71 at 21), he neglected to cross-examine Eddie on both the substance and motivation behind his testimony, even when Eddie testified to events that Petitioner denies ever happened. (D.E. 71 at 21). As Judge Johnson found, Frederick was "on notice" that Eddie lied during his testimony, and due diligence at least required that Petitioner cross-examine Eddie on the untruthful portions of his testimony and his reasons for so testifying. (D.E. 71 at 25). *See Melson v. State*, 58 F.3d 993 (11th Cir. 2008) (holding that petitioner failed to act with due diligence for purposes of section 2244(d)(1)(D) when petitioner, who had personal knowledge that the government's witness testified falsely at petitioner's trial, failed to question the witness before trial or on cross-examination as to the substance and motivation of witness's testimony).

Frederick did not exercise due diligence in discovering the factual predicate for his claim as required under section 2244(d)(1)(D), and therefore his petition is untimely. For the reasons

stated in the Report of Magistrate Judge Johnson and those stated above, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge Johnson's Report (D.E. 71) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Frederick's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. The Clerk of Court shall **CLOSE** this Case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of September, 2010.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Magistrate Judge Johnson
             All Counsel of Record